UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RALPH D. HUSTON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-3702 |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. No. 18), Defendant's Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Doc. No. 23), Defendant's Objections to and Motion to Strike Plaintiffs' Sur-Reply (Doc. No. 27), and Plaintiffs' Motion for Leave to Supplement the Summary Judgment Record (Doc. No. 33). After considering the motions, all responses thereto, and the applicable law, the Court finds that Defendant's Motion for Summary Judgment must be granted in part and denied in part. Additionally, the Court denies as moot Defendant's Motions to Strike and Plaintiffs' Motion for Leave.

## I. BACKGROUND[1]

This suit arises from Defendant's attempt to foreclose on the property of Plaintiffs Ralph and Christina Huston. Plaintiffs seek a declaration from the court that the loan and lien in question are invalid and that Defendant was not entitled to foreclose on their property.

Plaintiffs obtained a home equity loan from Wells Fargo Bank, N.A. on April 26, 2007. Ralph Huston executed a Texas Home Equity Adjustable Rate Note (the "Note"), payable to Wells Fargo, which also states that Wells Fargo may transfer the Note. The Note was secured by

---

[1] Unless otherwise noted, the background facts of this case are not in dispute.

1

a Texas Home Equity Security Instrument (the "Security Instrument"), executed by Plaintiffs, which creates a first lien mortgage on the Property with the power of sale to secure payment under the Note.

Plaintiffs have failed to remit their monthly mortgage payment since November 2009. Wells Fargo notified Ralph Huston that the Note was in default on December 13, 2009, and informed him that Wells Fargo intended to accelerate the note. Plaintiffs were given until January 12, 2010 to remit $5,048.70 and cure the default, but they failed to do so.

Defendant subsequently acquired the Note and Security Instrument from Wells Fargo pursuant to an Assignment of Note and Deed of Trust. Defendant retained Wells Fargo to be its duly authorized agent for loan service administration for a portfolio of loans, and Wells Fargo is the current servicer for the loan in question.

On February 15, 2010, Wells Fargo notified Plaintiffs that Defendant had elected to accelerate the maturity of the debt. Defendant then applied for a Home Equity Foreclosure Order under Rule 736 of the Texas Rules of Civil Procedure on March 24, 2010. Defendant filed an Amended Application on May 4, 2010.

Subsequently, Plaintiffs filed the instant lawsuit in state court, contesting Defendant's right to foreclose, and Defendant removed the case to this Court. Upon receiving notice of this action, the state court dismissed Defendant's initial foreclosure proceeding under Rule 736(10), which provides that a proceeding under Rule 736 is automatically abated and dismissed if the respondent files a petition contesting the right to foreclose.

## II. LEGAL STANDARD

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R.

Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court may not make credibility determinations or weigh the evidence. *Harvill v. Westward Communications*, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005). Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Additionally, any "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### III. ANALYSIS

#### A. Declaratory Judgment

Plaintiffs' Complaint states that declaratory relief is appropriate based on four discrete issues: (1) Defendant cannot foreclose unless shows that it is in possession of the original note and other relevant closing documents; (2) the real party in interest that is attempting to foreclose through Defendant is a security which cannot proceed as a party under Texas law; (3) the transfer or assignment of the lien was invalid or cannot be proven; and (4) Defendant's purported derivative lien on that property is invalid, as the extension of credit to Plaintiffs failed to meet the requirements of Article 16 of the Texas Constitution by failing to obtain Christina Huston's signature. (Compl., Doc. No. 1-4, at 3–4.) Defendant contends that it is entitled to summary judgment on Plaintiff's declaratory judgment claim, as there are no issues of material fact on any of these four issues.

##### 1. Original Note

Plaintiffs contend that Defendant is not entitled to foreclosure because it has failed to produce the original note. As many courts have found, there is nothing in Texas law that would require the original note in order to foreclose. *See Powell v. BAC Home Loans Servicing, LP*, 2011 WL 5837250, at *6 (E.D. Tex. Nov. 21, 2011) (listing cases). While Plaintiffs urge the Court to disregard these cases because they discuss non-judicial, rather than judicial, foreclosure, Plaintiffs provide no basis for this distinction and no caselaw containing this requirement for judicial foreclosures. Moreover, Plaintiffs have presented no reason why Defendant will need to proceed with a judicial foreclosure if the Court grants Defendant judgment on Plaintiffs' claim. Defendant contends that it will instead file a new action under Rule 736 of the Texas Rules of Civil Procedure, and Plaintiffs present no argument as to why this would be improper.

Plaintiffs also argue that the best evidence rule requires production of the original document. However, a duplicate is sufficient to satisfy the best evidence rule, as the Court does not find that there is a genuine question about the original's authenticity or that it is otherwise unfair to admit the duplicate. *See* Fed. R. Evid. 1002, 1003.

Quoting *Wells Fargo Bank, N.A., v. Ballestas*, --- S.W.3d ----, 2011 WL 1835265 (Tex. App.—Houston [1st Dist.] 2011), Plaintiffs assert, "To collect on a promissory note, a plaintiff must establish: (1) the existence of the note in question, (2) the defendant signed the note, (3) the plaintiff is the owner and holder of the note, and (4) a certain balance is due and owing on the note." *Id.* at *3. However, Plaintiff fails to explain why this test requires an original note, or show how Defendant's summary judgment evidence is deficient on any of these requirements.

Defendant has proved the existence of the note (Doc. No. 18-7), as required under factor one, by attaching it to the Affidavit of Mary Ellen Brust, custodian for Wells Fargo. (Doc. No. 18-6.) She swears that this is a "duplicate of the original" and a "true and correct cop[y]." (Brust Aff. ¶¶ 4, 5.) Defendant also filed an additional copy of the note (Doc. No. 35-8), attached to the Affidavit of Kyle Paris, Vice President of Loan Documentation for Wells Fargo (Doc. No. 35-7), and he similarly swears that it is an "exact duplicate[] of the original." (Paris Aff. ¶ 4.) The Court finds that this is sufficient to prove the existence of the note in question. *See Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 111 (Tex. App.—Dallas 1991) (finding that photocopies of the notes, attached to an affidavit swearing that the attached duplicates were true and correct copies, were sufficient to establish the first factor).

With respect to factor three, the Court notes that Texas law does not require Defendant to prove that it is both the owner and holder of the note; it is sufficient for Defendant to show that it

5

is the holder.[2]  *See* Tex. Bus. & Comm. Code § 3.301; *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *SMS Financial, Ltd. Liability Co. v. ABCO Homes, Inc*., 167 F.3d 235, 239 (5th Cir. 1999); *Orix Capital Markets, LLC v. La Villita Motor Inns, J.V.*, 329 S.W.3d 30, 41 (Tex. App.—San Antonio 2010).  Ms. Brust's affidavit provides that the Note "is in the possession of U.S. Bank National Association."  (Brust Aff. ¶ 5.)  Pursuant to the Court's Order of February 15, 2012 (Doc. No. 31), Defendant also submitted two additional affidavits from Michael D. Bengtson, Assistant Vice President for U.S. Bank (Doc. No. 35-2) and Kyle Paris of Wells Fargo (Doc. No. 35-7).  These affidavits clarify that Wells Fargo is in possession and custody of the original loan documents, including the original Note, and holds them for the benefit of Defendant, as Trustee for CMLTI 2007-WFHE4.  (Bengtson Aff. ¶ 2; Paris Aff. ¶ 6.)[3]  Wells Fargo was designated document custodian under the Pooling and Servicing Agreement, which enabled them to maintain possession of the documents for Defendant, as Trustee.  (Doc. Nos. 35-3–35-6.)[4]  The Note specifies that "Lender may transfer this Note," and that "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  (Note ¶ 1.)  Wells Fargo transferred the note to Defendant on February 1, 2010.  (Doc. No. 18-9.)  These circumstances are sufficient to establish that Wells Fargo is in possession of the Note for the benefit of Defendant, and that Defendant is the holder of the note.  Defendant need not produce the original note.

---

[2] While *Ballestas* states that the lender must be "the owner *and* holder of the note," in *Ballestas*, and the cases it cites, the lender claimed that it was the owner of the note.  *Ballestas*, 2011 WL 1835265, at *1; *Cadle Co. v. Regency Homes, Inc.*, 21 S.W.3d 670, 682–83 (Tex. App.—Austin 2000); *Clark v. Dedina*, 658 S.W.2d 293 (Tex. App. 1st Dist. 1983).  Here, because Defendant asserts it is the holder of the note, it need not prove ownership.

[3] Although Plaintiff does not raise any issues with this arrangement, the Court notes that "every corporation must by definition employ agents to act for it—and there is no reason [Defendant] cannot use [a third-party company], rather than some other agent, for that purpose."  *Federal Deposit Ins. Corp. v. Linn*, 671 F. Supp. 547, 553 (N.D. Ill. 1987) (finding that the fact that another company had possession of the note for the benefit of the plaintiff was sufficient to establish that the plaintiff was the holder of the note).

[4] The Pooling and Servicing Agreement explicitly states that "the Depositor does hereby deliver to, and deposit with, the Trustee or the Custodian on its behalf, . . . a 'Mortgage File'[] with respect to each Mortgage Loan so transferred and assigned," which includes the mortgage note, the original recorded mortgage, and other loan documents. (Agreement at 76.)  Wells Fargo is identified as the initial Custodian.  (*Id.* at 25.)

### 2. Authority to Foreclose

Plaintiffs note that Defendant is acting as trustee for CMLTI 2007-WFHE4, which is "apparently a business trust with a security designated as beneficiary." (Resp. at 9.) Plaintiffs contend that, as the trust is not created under Texas law or registered with the Secretary of State, it may not transact business in Texas or foreclose on Plaintiffs' property. However, the fact that the owner of the note is a security is irrelevant, as the Court has found that Defendant may proceed with the foreclosure as the holder, not owner, of the note. Defendant maintains possession of the note, through Wells Fargo, as Trustee for CMLTI 2007-WFHE4.

Plaintiffs also moved to supplement the summary judgment record with additional evidence relating to CMLTI 2007-WFHE4. Even considering Plaintiffs' additional evidence, the Court does not find merit in Plaintiffs' argument, and thus denies this motion as moot.

### 3. Validity of the Assignment of the Lien

Defendant asserts that Plaintiffs have no standing to contest the assignment between Wells Fargo and U.S. Bank as they were not a party to the assignment. *See Spositi v. Federal Nat. Mortg. Ass'n*, 2011 WL 5977319, at *4–5 (E.D. Tex. Nov. 3, 2011) (citing *Eskridge v. Fed. Home Loan Mortg. Corp. et al.,* No. 6:10–CV–00285–WSS, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011)). Moreover, even if Plaintiffs had standing, they gave Wells Fargo the express authority to transfer the Note and Security Instruments. Thus, Wells Fargo was authorized to transfer the note to Defendant. Plaintiffs do not dispute this element, so summary judgment is appropriate on this element of Plaintiffs' claim.

### 4. Article 16 Violation

In their Complaint, Plaintiffs allege that Defendant may not foreclose on the property because Christina Huston did not sign the loan agreement. Defendant asserts that Christina

7

Huston's failure to sign the Note had no impact, as she was only required to consent to the lien created by the Note. Christina Huston signed the Security Agreement that encumbers the Property. Plaintiffs do not dispute this argument or the evidence.

Plaintiffs additionally assert that Christina Huston may have been required to consent to the loan under Section 50(g) of Article 16 of the Texas Constitution. However, Defendant's supplemental summary judgment evidence shows that Plaintiffs did receive the notice required under Section 50(g), and Christina Huston signed an affidavit to that effect. In their Sur-Reply, Plaintiffs concede that this is sufficient, but again ask that the original Affidavit be introduced. The copy introduced is a certified copy, and Plaintiffs provide no reason why Defendant should be required to produce the original. Thus, the Court must grant summary judgment for Defendant on this element of Plaintiff's request for declaratory judgment.

### B. Defendant's Request for an Order Allowing Foreclosure

Defendant's Motion requests an order allowing foreclosure under the Security Instrument and Texas Property Code § 51.002. Subsequently, at the hearing on February 14, 2012, Defendant represented to the Court that an order was not necessary, and that it would file a new action in Texas state court under Rule 736 if the Court granted its Motion for Summary Judgment.

### C. Attorneys' Fees

Defendant states that it is entitled to attorneys' fees under §§ 37.001 *et seq.* of the Texas Civil Practice and Remedies Code, which is the Texas Declaratory Judgment Act. However, the Fifth Circuit has held that "a party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law." *Utica Lloyd's of Texas v. Mitchell,* 138 F.3d 208, 209 (5th Cir. 1998); *see also Camacho v. Texas Workforce Comm'n,* 445

F.3d 407, 409–410 (5th Cir.) (reaffirming validity of *Utica*), *cert. denied,* 549 U.S. 826 (2006). Thus, Defendant's request for attorneys' fees is denied.

D.  **Defendant's Motions to Strike**

Because the Court does not consider any of the summary judgment evidence to which Defendant objected, it denies Defendant's Motion to Strike Plaintiffs' Summary Judgment Evidence as moot. Additionally, because the Court allowed Defendant the opportunity to respond to Plaintiffs' Sur-Reply and does not adopt any of Plaintiffs' arguments contained therein, the Court also denies Defendant's Motion to Strike Plaintiffs' Sur-Reply as moot.

IV. **CONCLUSION**

For the reasons stated in this order, Defendant's Motion for Summary Judgment is **GRANTED IN PART**. The Court grants summary judgment for Defendant on Plaintiff's declaratory judgment claim, but denies its motion for attorneys' fees and request for an order allowing foreclosure. Defendant's Motions to Strike and Plaintiffs' Motion for Leave are **DENIED** as moot.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 28th day of February, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE